489 F.2d 691
 Louis Collins COCHRAN, Petitioner-Appellant,
v.
UNITED STATES of America, and United States Attorny General,
et al., Respondents-Appellees.
No. 73-3650 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Feb. 19, 1974.
 
 Louis Collins Cochran, pro se.
 John W. Stokes, Jr., U.S. Atty., Anthony M. Arnold, Asst. U.S. Atty., Atlanta, Ga., for respondents-appellees.
 Before GEWIN, GODBOLD and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 Louis Cochran, a federal prisoner, appeals from an order of the district court denying his motion for mandamus relief. He is currently confined to the federal penitentiary in Atlanta resulting from a guilty plea to a charge of counterfeiting. He filed his mandamus action in the district court in an attempt to receive credit against his three-year sentence for various periods of time during which he alleged he had been in custody resulting from the counterfeiting charge. We affirm.
 
 
 2
 It is claimed that prior to his sentencing he had been incarcerated in jail for 20 days and subsequent to his arrest and prior to his guilty plea had been free on bond for 203 days. Accordingly, he requested credit for the total period of 223 days of alleged 'custody.' At the time he filed his motion for relief, prison authorities were considering his application for credit for the time spent in jail but they had refused to consider the period of time during which he was free on bond. Because of Cochran's evident partial failure to exhaust his prison remedies, the district court correctly limited its review to the 203 days spent free on bond. See O'Connor v. Attorney General, 470 F.2d 732, 734 (5th Cir. 1972); Pace v. Clark, 453 F.2d 411 (5th Cir. 1972).
 
 
 3
 We are thus limited to a review of the question whether a prisoner is entitled to credit against his sentence for time he spent while released on bond prior to his conviction on a plea of guilty. In support of his contention that he is entitled to receive credit for the 203 days while free on bond, Cochran relies on Hensley v. Municipal Court, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973). In that decision the Supreme Court held that a criminal defendant released on his own recognizance pending execution of sentence following conviction was in 'custody' within the meaning of the federal habeas corpus statute, 28 U.S.C. 2241(c)(3) and 2254(a). In a rather novel syllogism, Cochran maintains that since 18 U.S.C. 3568 provides that the Attorney General 'shall give . . . (any person convicted of an offense) . . . credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed,' a defendant free on bail is in 'custody' for habeas corpus purposes and thus is also in 'custody' within the meaning of 3568.
 
 
 4
 Our reading of Hensley however, reveals that Cochran's attempted patchwork extension of the 'custody prerequisite' within the meaning of 3568 is both misplaced and unsupported. Hensley is limited to the unique requirements and factors of a criminal defendant seeking federal habeas corpus relief while he is released on his own recognizance and after he has exhausted his state remedies. The opinion draws heavily from our legal history as to the traditional purpose to be served by the writ of habeas corpus. The Court carefully limited its review, posing the crucial issue in a proscribed manner. Justice Brennan limited the scope of the issue reviewed by stating:
 
 
 5
 This case requres us to determine whether a person released on his own recognizance is 'in custody' within the meaning of the federal habeas corpus statute. 411 U.S. 345, 93 S.Ct. 1571, 1572, 36 L.Ed.2d 294, 297 (1973).
 
 
 6
 Cochran's attempted superimposition of the Hensley definition of 'custody' to be used in habeas corpus proceedings upon the credit to be given prisoners for time previously served while their case is pending ultimate resolution is unwarranted, illogical and unsupported by judicial precedent in analogous situations.
 
 
 7
 The term 'custody' as used in 3568 was interpredted by the Ninth Circuit not to include time spent while on bail. See Sica v. United States, 454 F.2d 281 (9th Cir. 1971); cf. Marchese v. McEachen, 451 F.2d 555 (9th Cir. 1971), cert. denied 406 U.S. 945, 92 S.Ct. 2043, 32 L.Ed.2d 332 (1971). Similarly, we have previously held that an inmate whose parole is revoked is not entitled to credit on sentence for the time spent on parole. Starnes v. Cornett, 464 F.2d 524 (5th Cir. 1972), cert. denied 409 U.S. 987, 93 S.Ct. 341, 34 L.Ed.2d 253 (1972); Woods v. United States, 449 F.2d 740 (5th Cir. 1971); Blanchard v. United States, 433 F.2d 13 (5th Cir. 1970), cert. denied 401 U.S. 959, 91 S.Ct. 989, 28 L.Ed.2d 244 (1970).
 
 
 8
 Accordingly, the judgment of the district court is affirmed.