John Joseph CERRELLA, Petitioner,

v.

Jack HANBERRY, Warden, Respondent.

No. 81-7064
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

July 13, 1981.

Frank B. Hester, Atlanta, Ga., for petitioner.

Myles E. Eastwood, Atlanta, Ga., for respondent.

Before RONEY, FRANK M. JOHNSON, Jr., and HENDERSON, Circuit Judges.

PER CURIAM:

John Joseph Cerrella appeals from a dismissal of his petition for writ of habeas corpus in which he attacks upon two bases the sentence he is now serving. Cerrella is a federal prisoner incarcerated by the Attorney General of the United States pursuant to a 16-year sentence imposed upon him in 1975 by the United States District Court for the Southern District of Florida, following his conviction by jury for violations of 18 U.S.C.A. §§ 2, 1951. Petitioner brings his habeas corpus petition pursuant to 28 U.S.C.A. § 2241 alleging that: (1) he should receive credit on his current sentence for the time served while on bond during his appeal and that the terms and conditions of his release on bond constituted "custody" and (2) the sentence imposed upon him con-

stituted cruel and unusual punishment within the meaning of the Eighth Amendment because the length of the sentence was grossly disproportionate to the offense.

■ Cerrella's first argument is that the restrictive conditions of his appellate bail constituted custody for which he should be given credit against the sentence he received from the district court. These restrictions included no travel outside the jurisdictional limits of Dade, Broward, and Palm Beach Counties without written permission of the court; the surrender of his passport or other travel documents; denial to be permitted in or at any public or private airport or other flying facility or to travel on the waterways of the Atlantic Ocean; avoidance of contract with the victim, his family or close personal friends and avoidance of contact with anyone connected with ownership or management of a certain business establishment in Oakland Park, Florida. Further, petitioner was required to report daily in person to the United States Probation Officer in Ft. Lauderdale, Florida, and on weekends report by phone to the duty officer in the Probation Office.

The facts of the extortion crime for which Cerrella was convicted were stated by this Court in *United States v. Chiantese*, 582 F.2d 974 (5th Cir. 1978), *cert. denied*, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979), as follows:

> Chiantese and Cerrella owned one [parking] service, and the other was owned by Mark Parnass, the chief Government witness. The evidence adduced at trial indicated that the defendants had repeatedly threatened Parnass in an attempt either to force him to join in a "partnership" with them or to get out of the parking lot business. Parnass testified that Cerrella told him to pay one third of his business profits to Cerrella or go out of business. He also testified that Cerrella threatened that he and Chiantese knew where Parnass and his family lived and that "we will hurt you if we have to." . . . Additionally, a tape recording of a conversation between Parnass and Cerrella, which had been made

by means of a transmitter placed on Parnass, was played for the jury. During that conversation, Cerrella told Parnass to get out of the parking lot business, "Or I'm gonna put you in a box." . . . The recording also contained the following statement by Cerrella: "I ain't coming back with another deal . . . . [Y]ou can tell the Feds, you can tell the _____ local cops. I'll put you in the _____ hospital, you'll come out and know I did it and I'll put you in again."

*Id.* at 978 (footnote and references to record omitted).

Petitioner's attempt to extend *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), to include the situation he now presents to this Court is misplaced. *Hensley* did not equate the definition of "custody" as it is used in habeas corpus proceedings when a prisoner attempts to attack his conviction and "custody" for the purpose of "credit to be given prisoners for time previously served while their case [was] pending ultimate resolution." *Cochran v. United States*, 489 F.2d 691, 692–93 (5th Cir. 1974); *see Polakoff v. United States*, 489 F.2d 727, 730 (5th Cir. 1974). Thus, this issue as presented by Cerrella has been decided by this Circuit contrary to the position Cerrella advances.

Cerrella's second contention to the effect that the sentence imposed upon him was cruel and unusual punishment within the meaning of the Eighth Amendment because it was grossly disproportionate to the offense committed by petitioner is also without basis. The sentence imposed upon Cerrella was less than the statutory maximum penalty. Under such circumstances this Circuit has held that, when a term of imprisonment imposed in a sentence is less than the statutory maximum penalty, the sentence does not constitute cruel and unusual punishment. *United States v. Ruacho-Acuna*, 440 F.2d 1199 (5th Cir. 1971).

■ Among the standards in this Circuit for finding a punishment violative of the Eighth Amendment are: (1) whether the conditions of confinement shock the Court's conscience; (2) whether the sen-

tence imposed is grossly disproportionate to the offense; or (3) whether the sentence imposed offends evolving notions of decency. *Newman v. Alabama*, 503 F.2d 1320, 1330 n.14 (5th Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1680, 44 L.Ed.2d 102 (1975). Furthermore, even if a disproportionality analysis were to be applied in this case, the offense for which Cerrella was convicted and sentenced and the facts surrounding the commission of the offense, some of which are set out above, reflect that the sentence imposed was not in fact disproportionate. *See Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980).

Thus, Cerrella's sentence of sixteen years for violation of 18 U.S.C.A. § 1951, under which the maximum permissible sentence is twenty years, where the commission of the offense was in the manner herein reflected, was not grossly disproportionate to the offense committed.

Accordingly, the district court's denial of the petition for the writ of habeas corpus is AFFIRMED.