UNITED STATES of America,
Plaintiff–Appellee,

v.

Santiago MARES, Defendant–Appellant.

No. 88–2504
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 20, 1989.

Santiago Mares, Bog Spring, Tex., pro se.

Paula Offenhauser, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Santiago Mares is a federal prisoner serving a three-year sentence for conspiracy to distribute heroin. One year after sentencing, he filed a motion to "correct" his sentence, citing Rule 36, Fed.R.Crim.P., which concerns clerical mistakes. His contention is that, under 18 U.S.C. § 3568, he was entitled to credit on his sentence for the 145 days he spent while released on bail before trial.

The district court denied the motion and dismissed for lack of jurisdiction, holding that any motion for credit for time served must be filed under 28 U.S.C. § 2241 in the district of incarceration. It further noted that Mares had not exhausted his administrative remedies, a prerequisite to federal court action. Mares filed a timely notice of appeal.

*Analysis*

A claim for time served prior to the date of a federal sentence is not cognizable in a proceeding pursuant to Fed.R. Crim.P. 36. The claimant must instead proceed via a petition for habeas corpus under 28 U.S.C. § 2241. The claimant must file that petition in the district where he is

incarcerated; if the claimant files in another district, that court has no jurisdiction to hear the petition. *United States v. Garcia–Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). In this case, a court in the Southern District of Texas correctly determined that it had no jurisdiction to hear a petition from Mares, who is incarcerated in the Northern District of Texas. We therefore affirm the district court's dismissal for want of jurisdiction.

■ Nonetheless, for reasons of judicial economy, we observe that the law on the merits is squarely against Mares. *See Garcia–Gutierrez*, 835 F.2d at 586.[1] Under 18 U.S.C. § 3568, now applicable only to crimes committed before November 1, 1987, a federal prisoner is entitled to credit for time spent "in custody in connection with the offense or acts for which sentence was imposed." We have held, however, that for purposes of § 3568 "custody" does not include conditions of pretrial release on bail. *Cochran v. United States*, 489 F.2d 691, 692–93 (5th Cir.1974); *Polakoff v. United States*, 489 F.2d 727, 730 (5th Cir. 1974). *Accord, Ortega v. United States*, 510 F.2d 412, 413 (10th Cir.1975). We have more recently defined "custody" under § 3568 to exclude time spent on bail pending appeal. *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir.1983); *Cerrella v. Hanberry*, 650 F.2d 606, 607 (5th Cir.), *cert. denied*, 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981). *Accord, United States v. Robles*, 563 F.2d 1308, 1309 (9th Cir.1977), *cert. denied*, 435 U.S. 925, 98 S.Ct. 1491, 55 L.Ed.2d 519 (1978). Finally, we have excluded from § 3568 time spent on parole if that parole is revoked, *see Cochran*, 489 F.2d at 693, or on probation if probation is revoked, *United States v. Hawkins*, 492 F.2d 771, 772 (5th Cir.), *cert. denied*, 419 U.S. 1052, 95 S.Ct. 629, 42 L.Ed.2d 647 (1974).

Mares relies on *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed. 2d 294 (1973), and other cases which generally define "custody" while on bail for purposes of habeas corpus and related matters. These cases are irrelevant to the definition of custody under § 3568. In *Cochran*, we squarely rejected the *Hensley* analysis, stating that Cochran's argument was "unwarranted, illogical and unsupported by judicial precedence in analogous situations." 489 F.2d at 693. In *Cerrella* and *Polakoff*, we similarly distinguished *Hensley*, 650 F.2d at 607; 489 F.2d at 730.

Mares also cites by name only, as cases "where the defendants were GRANTED credit for time served while under bond," four cases, three from district courts in other circuits and one unspecified as to court, opinions which do not appear (from a computer search) to be published ones. Finally, Mares cites and attaches a copy of a Florida district court case, *United States v. Jerome Lee Niebel*, No. 86–8069–Cr, (S.D. Fla. May 12, 1988), which has not been published. *Niebel* does, in fact, exactly support Mares's position: there the district judge recited Niebel's fairly routine pretrial bail conditions and, citing to *Hensley v. Municipal Court*, credited Niebel's sentence for time spent on pretrial bond.

■ The law of our Circuit is clear, however, and we could not change it if we would. That a district court in Florida has chosen to hold otherwise is not binding upon us; and even if Mares's other four unpublished cases were in accord with *Niebel*, our precedent would not be affected: We have specifically rejected application of the *Hensley* analysis to § 3568. The district court's judgment is

AFFIRMED.

---

**1.** We have not hesitated, on occasions where a finding of no jurisdiction would produce the same result that we reach on the merits, to address the merits. *Slocum v. United States*, 515 F.2d 237, 238 n. 2 (5th Cir.1975).