**UNITED STATES of America**

v.

**Henry K. WEINBERG, Jr.**

**Crim. A. No. 88–262.**

United States District Court,
E.D. Louisiana.

June 1, 1989.

---

Michael E. McMahon, Asst. U.S. Atty., New Orleans, La., for plaintiff.

Bruce Ashley, II, New Orleans, La., for defendant.

## ORDER AND REASONS

MENTZ, District Judge.

Defendant, Henry K. Weinberg, pled guilty to Count 10 of a Superseding Indictment for violation of 18 U.S.C. § 472, (passing, attempting to pass, and possession of counterfeit obligations of the United States). The crime charged in Count 10 occurred in 1988 and carried a maximum penalty of fifteen years imprisonment and a fine of $250,000. The Court sentenced Mr. Weinberg on January 4, 1989 to a term of one year to be followed by a period of two years supervised release.

The Court received a letter dated March 30, 1989 from Mr. Weinberg, asking that he be granted "the time that I was out on bond—'in-custody'," citing 28 U.S.C. § 2241 and 18 U.S.C. § 3568. Mr. Weinberg also submitted evidence of his rehabilitation, including meritorious completion of self-help programs and character references. It appears that Mr. Weinberg has been offered employment and lodging upon his release. The Government opposes any reduction of Mr. Weinberg's sentence.

Fed.R.Crim.P. 35 was amended by the Comprehensive Crime Control Act of 1984, effective November 1, 1987. The new rule applies to Mr. Weinberg as he committed his offense after the effective date of the Act. Under the new rule, the Court's general authority to reduce a sentence has been eliminated. Rule 35(a) allows a correction of a sentence only upon remand to the district court from an appellate court upon a finding that the sentence was imposed "in violation of law," or "as a result of an incorrect application of the sentencing guidelines," or is "unreasonable." Under Rule 35(b), the court may lower a sentence, upon motion of the government, where subsequent to sentencing a defendant has provided "substantial assistance in the investigation or prosecution of another person who has committed an offense." As this case was not remanded for correction of sentence and the government has not moved for correction of sentence due to changed circumstances, the Court has no authority to reduce Mr. Weinberg's sentence for any reason.

Even if the Court had authority to consider Mr. Weinberg's request, he is not entitled to credit against his sentence for the time he spent on bond. Although the term "custody" for habeas corpus purposes may include the time spent while on bond, *see Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), the matter before the Court is not a habeas corpus attack and therefore, Mr. Weinberg's reliance on 28 U.S.C. § 2241 is misplaced.

It is well-settled that the "custody" which entitles one to credit against a sentence pursuant to 18 U.S.C. § 3568 means detention or imprisonment in a place of confinement. It does not include time spent while on bond, not even restrictive bond. *See United States v. Smith,* 869

F.2d 835 (5th Cir.1989); *Cerrella v. Hanberry,* 650 F.2d 606, 607 (5th Cir.1981); *Polakoff v. United States,* 489 F.2d 727, 730 (5th Cir.1972).[1]

Accordingly,

IT IS ORDERED that defendant's request that his sentence be credited with the time spent on bond is DENIED.

---

1. *Cerrella* and *Polakoff* interpret "custody" as used in 18 U.S.C. § 3568, which was repealed and reenacted in part as 18 U.S.C. § 3568, effective November 1, 1987. For purposes of credit for time spent on bond, there are no material differences between the statutes.