Rafael SPINOLA, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 90–7427
Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Sept. 18, 1991.

---

Rafael Oscar Spinola, Homestead, Fla., for petitioner-appellant.

**1529**

David L. Allred, Asst. U.S. Atty., Montgomery, Ala., for respondent-appellee.

Before JOHNSON and HATCHETT, Circuit Judges, and CLARK, Senior Circuit Judge.

PER CURIAM:

Appellant Rafael Spinola, a federal prisoner currently serving a sentence for drug trafficking, appeals from the district court's denial of his petition for a writ of habeas corpus. In his petition, Spinola contends that the Bureau of Prisons should give him a credit against his current sentence for the 579 days that he spent on appellate bond because the terms of his bond were so restrictive. Under the conditions of his appellate bond, Spinola was required to reside with his parents and give up his own residence; remain at his parent's residence 24 hours a day except with approval of law enforcement officials; maintain a log of all visitors to the residence; allow federal agents to inspect the residence at any time; allow federal agents to monitor all telephone communications; and submit long distance telephone bills to federal agents for evaluation. Spinola raises no constitutional challenges to the failure of the Bureau of Prisons to grant him a credit; he contends only that he is entitled to a credit against his sentence on statutory grounds.

18 U.S.C. § 3568 specifically provides that:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

In interpreting this language, this court has specifically held that "[t]he 'custody' contemplated by Section 3568 is that char-acterized by *incarceration;* a federal sentence does not begin to run, and credit thus accrue, until the prisoner is received at the place of imprisonment." *Polakoff v. United States,* 489 F.2d 727, 730 (5th Cir.1974). Indeed, we have specifically rejected the contention raised by Spinola that a federal prisoner is entitled to credit for the period of time that he spent on highly restricted bond between the time of his arrest and the affirmance of his conviction by this court. *Id.; Cerrella v. Hanberry,* 650 F.2d 606, 607 (5th Cir. Unit B July), *cert. denied,* 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981). The district court therefore did not err in denying this petition for a writ of habeas corpus.

AFFIRMED.