**UNITED STATES of America**

v.

**Tammy Lynn RIGGINS.**

CR. No. 92–289–N.

United States District Court,
M.D. Alabama, N.D.

June 4, 1993.

James E. Wilson, U.S. Atty., Montgomery, AL, for U.S.

Tammy Lynn Riggins, pro se.

ORDER

ROBERT E. VARNER, District Judge.

This cause is now before the Court on Defendant's Motion To Be Granted Credit For Time on Bond As "In Custody" Time under 18 U.S.C. § 3585 filed herein June 4, 1993.

Defendant spent approximately 121 days on bond before being incarcerated to begin her sentence.  18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences * * *."  Defendant claims that the time she spent on bond constitutes time that she was "in custody" and cites several Supreme Court cases to that effect.  She, therefore, contends that this "in custody" time should be credited against her sentence of incarceration.

The Supreme Court cases cited by Defendant, to the extent the cases are relevant at all to her claim, state that a defendant is "in custody" while on bond or on parole only for purposes of challenging a conviction under federal habeas corpus statutes.  The Supreme Court has never addressed whether being on bond represents "official detention" for purposes of credit toward sentence under § 3585 nor the predecessor statute previously codified at 18 U.S.C. § 3568.  The Eleventh Circuit Court of Appeals and the former Fifth Circuit Court of Appeals have directly addressed this question.  Both *Polakoff v. United States,* 489 F.2d 727 (5th Cir.1974), and *Spinola v. United States,* 941 F.2d 1528 (11th Cir.1991), directly hold that a defendant shall not be given credit for time served on bond.  "The 'custody' contemplated by Section 3568

is that characterized by *incarceration;* a federal sentence does not begin to run, and credit thus accrue, until the prisoner is received at the place of imprisonment." *Polakoff,* 489 F.2d at 730 (emphasis in original). "We have specifically rejected the contention * * * that a federal prisoner is entitled to credit for the period of time that he spent on highly restricted bond between the time of his arrest and the affirmance of his conviction by this court." *Spinola,* 941 F.2d· at 1529. The fact that Congress subsequently changed the "in custody" language in former § 3568 to the "official detention" language in current § 3585 further supports this result. Defendant has not cited, and the Court has not found, any decisions in which a defendant was allowed to credit time served on bond against a sentence of incarceration. Such results would be illogical, given that some defendants often spend more time on bond awaiting a decision on appeal than the sentence of incarceration calls for. This situation, if Defendant's argument prevails, would result in no incarceration time for defendants who receive short sentences of incarceration and then spend a long time on bond awaiting appeal.

Therefore, it is ORDERED by this Court that Defendant's said motion filed herein June 4, 1993, be, and the same is hereby, DENIED.