2 F.3d 1151
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
L.C. ADDISON, Petitioner-Appellant.
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-1280.
 United States Court of Appeals, Sixth Circuit.
 Aug. 19, 1993.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court order dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 L.C. Addison pleaded guilty to one count of conspiracy to defraud through use of unauthorized access devices, in violation of 18 U.S.C. Sec. 1029(b)(2). He was sentenced to serve twenty-seven months imprisonment and two years supervised release. At the time of sentencing, Addison was serving a two-to-four year term of imprisonment for a Michigan state conviction. Although a notice of appeal was filed following the judgment of conviction and sentence, the appeal was dismissed on Addison's motion.
 
 
 4
 In his motion to vacate sentence, Addison alleged that the judgment of conviction and sentence did not reflect the district court's intention that the federal sentence would be served concurrently with the previously imposed state sentence. He requested credit for time served in state custody and correction of the alleged omission under Fed.R.Crim.P. 36.
 
 
 5
 The district court noted first that the record did not reflect an intention that the federal sentence would be served concurrent with the state sentence. The district court further noted that Addison had not exhausted administrative remedies prerequisite to seeking judicial review of computation of sentence and credit for time served. The motion to vacate was dismissed.
 
 
 6
 On appeal, Addison argues that the imposition of a consecutive federal sentence, where the state conviction was based on conduct arising from the same transaction or occurrence as the federal offense, is contrary to the sentencing guidelines.
 
 
 7
 Upon review, we conclude that the motion to vacate was properly dismissed. Addison has not shown a fundamental defect in the proceedings that results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). Relief under Fed.R.Crim.P. 36 is limited to the correction of clerical errors. Id. The district court's finding that no clerical error was present is not clearly erroneous. See United States v. Dickie, 752 F.2d 1398, 1400 (9th Cir.1985) (per curiam). Additionally, a claim for credit for time served is not cognizable in a proceeding pursuant to Fed.R.Crim.P. 36. United States v. Mares, 868 F.2d 151, 151 (5th Cir.1989) (per curiam). A claim for time served must be made in a petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2241, id., after the claimant has exhausted administrative remedies. See United States v. Wilson, 112 S.Ct. 1351, 1355 (1992).
 
 
 8
 Consideration of Addison's claim under the sentencing guidelines is foreclosed because he did not present the issue in his motion to vacate sentence filed with the district court. See Ferguson, 918 F.2d at 630. Moreover, Addison is not entitled to review of his claim under Sec. 2255 because he did not present the issue on direct appeal and has not demonstrated cause and actual prejudice for his failure to do so. See United States v. Frady, 456 U.S. 156, 167, 68 (1982).
 
 
 9
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation