IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60706
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL ADAMS, also known as Wild Man,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Mississippi
USDC No. 3:97-CR-15-ALL-WS

_____

April 23, 1998

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.[*]

PER CURIAM:

Randall Adams appeals his jury convictions for distributing cocaine and "crack" cocaine base. Our review of the record and the arguments and authorities convince us that no reversible error was committed.

The argument to the weight of the evidence is meritless. *United States v. Resio-Trejo*, 45 F.3d 907, 910-11 (5th Cir. 1995).

_____

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's finding that the actions depicted on the videotape were not coerced is not clearly erroneous. *United States v. Gonzales*, 79 F.3d 413, 419 (5th Cir.), *cert. denied*, 117 S.Ct. 183 (1996); *United States v. Authement*, 607 F.2d 1129, 1131 (5th Cir. 1979). The prejudicial effect of the prosecutor's remarks, if any, was not of great magnitude in the context of the entire trial. *United States v. Wallace*, 32 F.3d 921, 926 (5th Cir. 1994). The remarks did not constitute a constructive amendment of the indictment. The evidence established that the substance was "crack" cocaine base. U.S.S.G. § 2D1.1(c), (n.D); *United States v. Metcalf*, 898 F.2d 43, 46 (5th Cir. 1990). We have determined that the sentencing disparity between cocaine and "crack" cocaine base is not unconstitutional. *See, e.g., United States v. Buchanan*, 70 F.3d 818, 828 n.9 (5th Cir. 1995) (equal protection challenge), *cert. denied*, 517 U.S. 1114, 1126 (1996); *United States v. Cherry*, 50 F.3d 338, 342-44 (5th Cir. 1995) (equal protection challenge); *United States v. Fisher*, 22 F.3d 574, 579-80 (5th Cir. 1994) (due process, equal protection, and Eighth Amendment challenges). Only the court sitting en banc can reverse this precedent. *United States v. Mathena*, 23 F.3d 87, 91 (5th Cir. 1994).

A claim for time served prior to the date of a federal sentence must ordinarily proceed via a petition for habeas corpus under 28 U.S.C. § 2241. *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). However, for reasons of judicial economy, the court may address the question on the merits. *Id*. Adams' unsupported allegation that his arrest was part of "one big

investigation" is unconvincing.  Adams is not entitled to credit for time served in state custody between state arrest on an unrelated charge and his release to federal authorities.  *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988).

The judgment of the district court is

AFFIRMED.

3