CLD-280                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2486
_____

UNITED STATES OF AMERICA

v.

FERNANDO SANCHEZ,
                                              Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 02-cr-00619-001)
District Judge:  Honorable Legrome D. Davis
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012
Before:  RENDELL, HARDIMAN and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 16, 2012)
_____

OPINION
_____

PER CURIAM

        Fernando Sanchez appeals, pro se, from the orders of the United States District

Court for the Eastern District of Pennsylvania denying his motion pursuant to Federal

Rule of Criminal Procedure 36 and his motion for reconsideration.  Because no

1

substantial question is presented by this appeal, we will summarily affirm the judgment of the District Court.

After pleading guilty to multiple charged offenses, Appellant Sanchez was sentenced by the United States District Court for the Eastern District of Pennsylvania to a federal prison term of 144 months. Nearly seven years later, Sanchez, pro se, filed a motion pursuant to Federal Rule of Criminal Procedure 36, contending that as a result of a "clerical error" in his written Judgment and Conviction ("J&C"), the Bureau of Prisons ("BOP") incorrectly computed the amount of time he should be credited for time served. Sanchez asserts that the J&C failed to reflect the sentencing court's purported oral pronouncement explicitly awarding him a specified period of credit against his federal sentence. He contends that as a result of this omission, the BOP improperly excluded one year of "awarded" credit.

By order entered April 25, 2012, the District Court denied Sanchez's motion on the ground that the BOP, and not the court, has responsibility for calculating the amount of credit to be received for time served. The District Court noted that Sanchez may seek to challenge the BOP's computation by filing a habeas petition pursuant to 28 U.S.C. § 2241 but that there was no indication Sanchez had satisfied the prerequisite of exhausting his administrative remedies. Sanchez then filed a motion to "clarify oral pronouncement of sentence" and a motion for reconsideration of the denial of his Rule 36 motion. The District Court denied both motions, noting that its review of the record revealed no clerical error and reminding Sanchez that he may challenge the BOP's credit calculation

2

only by filing a habeas petition. Sanchez timely appealed. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291.

The authority to calculate and award credit against a sentence for time served pursuant to 18 U.S.C § 3585(b) rests exclusively with the Attorney General, who acts through the BOP. United States v. Wilson, 503 U.S. 329, 333-35 (1992). "[Section] 3585(b) does not authorize a district court to compute the credit at sentencing." Id. at 334. Thus, the District Court correctly determined that Sanchez's claim for credit is not cognizable in a proceeding pursuant to Federal Rule of Criminal Procedure 36. See United States v. Mares, 868 F.2d 151, 151 (5th Cir. 1989).[1] As the District Court stated, Sanchez may seek judicial review of the BOP's calculation only by filing a habeas petition pursuant to 28 U.S.C. § 2241, after exhausting his administrative remedies. See United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993); Soyka v. Alldredge, 481 F.2d 303, 304-06 (3d Cir. 1973).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal. Accordingly, we will summarily affirm. See I.O.P. 10.6.

---

[1] Moreover, even were such a claim cognizable under Rule 36, Sanchez would not be entitled to relief. The District Court confirmed by reviewing the audio recording of the sentencing hearing that it did not make the pronouncement Sanchez alleges was inadvertently omitted from the J&C. Thus, Sanchez has failed to demonstrate any clerical error requiring correction.