# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

—————

No. 16-10479
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2017

Lyle W. Cayce
Clerk

—————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GARMON COATS,

Defendant-Appellant

—————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:93-CR-128-1

—————

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

Garmon Coats, federal prisoner # 24754-077, appeals the denial of the pro se motion he filed asking the district court to amend his 1994 judgment to reflect that his federal sentence had been ordered to run concurrently to a state sentence. As explained below, his motion "was unauthorized and without a jurisdictional basis." *See United States v. Early*, 27 F.3d 140, 141 (5th Cir. 1994).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10479

Coats's motion for an amended judgment may be liberally construed as attacking errors at sentencing.  Such a motion arises under 28 U.S.C. § 2255.  *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Coats previously filed an unsuccessful § 2255 motion and has not obtained authorization from this court to file a second or successive § 2255 motion.  Thus, to the extent his motion is construed as a § 2255 motion, it was unauthorized.  *See Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001).

The motion could not have been filed pursuant to either 18 U.S.C. § 3742 or 18 U.S.C. § 3582(c).  Regarding § 3742, Coats's direct appeal ended in 1995.  As to § 3582(c), Coats, not the Bureau of Prisons, filed the motion to amend.  Moreover, in the motion, Coats did not base his request for relief on any action of the United States Sentencing Commission.

Federal Rules of Criminal Procedure 35 and 36 likewise do not apply.  Coats's motion and circumstances do not fit within any of the provisions of Rule 35.  Moreover, his motion to amend, which essentially sought credit for the time he served in state prison, is not cognizable under Rule 36.  *See United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989).  Finally, although Coats's motion could be construed as arising under 28 U.S.C. § 2241, such petitions must be filed in the district where the prisoner is incarcerated.  *See id.* at 151-52.  Because Coats is incarcerated in the Eastern District of Texas, the Northern District of Texas did not have jurisdiction to consider the motion as a constructive § 2241 petition.  *See Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001).

In light of the foregoing, we AFFIRM on the alternative basis that the district court lacked jurisdiction to consider the motion.  *See Early*, 27 F.3d at 142.