# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11308
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 18, 2017

Lyle W. Cayce
Clerk

JOSEPH ARTHUR BOLTON,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-582

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Joseph Arthur Bolton, federal prisoner # 35674-177 and Texas prisoner # 1816000, appeals the district court's denial of his postjudgment "motion seeking relief from federal detainer." Bolton's term of supervised release for threatening the president of the United States was revoked, and his 14-month revocation sentence was ordered to be served consecutively to any state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11308

sentence imposed.  Bolton's postjudgment motion requested that his federal revocation sentence be ordered to run concurrently to his state sentence.

On appeal, Bolton, who is in state custody, argues that he is entitled to credit towards his federal revocation sentence for his time spent in state custody because his state confinement resulted from his federal probation officer's communication with a state police officer and because the federal detainer made him unable to post bail in state court.  He also argues that his sentences should run concurrently in the interest of justice because counsel failed to raise the aforementioned issues before the district court.  Those arguments, raised for the first time on appeal, will not be considered.  *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011).

No provision conferred the district court with jurisdiction to consider Bolton's postjudgment motion.  Although the district court construed the motion as being raised pursuant to 28 U.S.C. § 2241, Bolton was incarcerated in the Southern District of Texas, and thus, the Northern District of Texas did not have jurisdiction to consider it under § 2241.  *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).  Moreover, as Bolton's motion before the district court did not raise any errors that occurred at or prior to sentencing, 28 U.S.C. § 2255 did not provide a jurisdictional basis for the motion.  *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000).

The motion could not have been filed pursuant to either 18 U.S.C. § 3742 or 18 U.S.C. § 3582(c).  Regarding § 3742, Bolton's time for filing a direct appeal ended in 2013.  As to § 3582(c), Bolton, not the Bureau of Prisons, filed the motion.  Moreover, in the motion, Bolton did not base his request for relief on any action of the United States Sentencing Commission.

Federal Rules of Criminal Procedure 35 and 36 likewise do not apply.  Bolton's motion and circumstances do not fit within any of the provisions of

No. 16-11308

Rule 35. Moreover, his motion, which essentially sought credit for time served in state prison, is not cognizable under Rule 36. *See United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989).

In light of the foregoing, we AFFIRM on the alternative basis that the district court lacked jurisdiction to consider the motion. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994). Bolton's motion for the appointment of counsel is DENIED.