# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-10712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2018

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AVELINO GRESHAM, also known as Avelino Feliciano, also known as "Nino,"

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-114-1

————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Avelino Gresham, who stands convicted of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846, appeals the district court's denial of his postjudgment motion to reduce his sentence and for resentencing based upon the dismissal of state charges that were pending against him when his federal sentence was imposed. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court denied the motion, finding that the state charges were not used to enhance the sentence imposed in Gresham's federal drug case.

In his appellate brief, Gresham does not address the district court's reason for denying his postjudgment motion for a sentence reduction. Instead, he argues that the district court erred in calculating the Sentencing Guidelines applicable in his case, that the jury should have determined the amount of drugs attributable to him for sentencing purposes, and that the district court erred in enhancing his sentence based upon his prior convictions and a bare arrest record. Those arguments, raised for the first time on appeal, will not be considered. *See Wilson v. Roy*, 643 F.3d 433, 435 n.1 (5th Cir. 2011).

No provision conferred the district court with jurisdiction to consider Gresham's postjudgment motion. As Gresham's motion before the district court did not raise any errors that occurred at or prior to sentencing, 28 U.S.C. § 2255 did not provide a jurisdictional basis for the motion. *Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). Moreover, because Gresham's motion did not challenge the manner in which his sentence was being executed, his motion could not be construed as a 28 U.S.C. § 2241 petition. *See id.* at 877.

The motion could not have been filed pursuant to either 18 U.S.C. § 3742 or 18 U.S.C. § 3582(c). Regarding § 3742, Gresham filed his motion in the district court. As to § 3582(c), Gresham, not the Bureau of Prisons, filed the motion. Moreover, in the motion, Gresham did not base his request for relief on any action of the United States Sentencing Commission.

Federal Rules of Criminal Procedure 35 and 36 likewise do not apply. *See* FED R. CRIM. P. 35; FED. R. CRIM. P. 36; *United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). In light of the foregoing, we AFFIRM on the alternative basis that the district court lacked jurisdiction to consider the motion. *See United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994).