# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20755
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LATREED GAYLAND JACKSON, also known as Latred Gayland Jackson, also known as Latreed Jackson,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-259-3

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Latreed Gayland Jackson, federal prisoner # 83612-079, appeals the district court's denial of his motions filed under Federal Rule of Criminal Procedure 36 to clarify an alleged omission in his 2014 amended judgment of conviction. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20755

Jackson was convicted on related state and federal charges after he, along with other individuals, robbed two banks in 1999. In federal court, Jackson was convicted of two counts of armed bank robbery under 18 U.S.C. § 2113(a) and (d) and two counts of using, carrying, and brandishing a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1). *See also* 18 U.S.C. § 2. He was sentenced to 87 months on each of the armed bank robbery convictions to be served concurrently to each other, 84 months of imprisonment on his first firearm conviction to be served consecutively to the prison terms imposed on his armed bank robbery convictions, and 300 months of imprisonment on his second firearm conviction to be served consecutively to the prison terms imposed on his armed bank robbery convictions and his first firearm conviction. The federal judgment was silent regarding whether Jackson's sentence was to be served concurrently with or consecutively to any sentence imposed on the pending state charges.

In state court, Jackson was convicted of three counts of aggravated robbery and was sentenced to 30 years in prison. Jackson immediately began serving his state sentence. After serving 15 years of his 30-year sentence, Jackson was paroled from state custody on March 12, 2014. Upon his release from state custody, he was transferred to federal custody and began serving his federal sentence.

In May 2014, Jackson requested that the district court credit his federal sentence for the 15 years he served in state custody. In June 2014, the district court granted in part Jackson's request and ordered that Jackson's federal sentences for 87 months of imprisonment on the armed bank robbery convictions run concurrently to the discharged state court sentence but that the sentences for the firearm convictions remain consecutive to the armed bank robbery convictions and to each other.

No. 16-20755

In accordance with the order amending the judgment, the Bureau of Prisons' federal sentence computation reflected that Jackson's federal sentence began on November 16, 2007, and that the concurrent portion of Jackson's federal sentence was served concurrently to his state sentence from November 16, 2007, until he was paroled on March 12, 2014, at which time he was transferred to federal custody and the consecutive portion of his federal sentence began to run. In 2016, Jackson filed in the district court two motions to clarify an omission in the 2014 amended judgment of conviction pursuant to Rule 36. The district court denied Jackson's motions.

Rule 36 provides that the district court "may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Rule 36 is a limited tool and is meant only to correct "mindless and mechanistic mistakes." *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014).

Here, there is no evidence that Jackson's 2014 amended judgment of conviction contains an error arising from oversight or omission that must be corrected or clarified under Rule 36. In particular, Jackson's amended federal sentence set forth in the district court's June 2014 order complies with the mandates of § 924(c). *See* § 924(c)(1)(A)(ii); § 924(c)(1)(D)(ii); § 924(c)(1)(C)(i); *United States v. Buck*, 847 F.3d 267, 278 (5th Cir.), *cert. denied*, 137 S. Ct. 2231 (2017); 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3.

To the extent Jackson argues that the Bureau of Prisons has incorrectly calculated his sentence, this claim is not cognizable in a motion under Rule 36. *See United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). Rather, Jackson must raise it in a motion under 28 U.S.C. § 2241 filed in the district where he is incarcerated. *Id.* at 151-52.

The decision of the district court is AFFIRMED.