**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Oscar DOVALINA, Defendant-Appellant.**

**No. 82–2522
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 12, 1983.

---

Oscar Dovalina, pro se.

James R. Gough, John M. Potter, Asst. U.S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEE, RANDALL and TATE, Circuit Judges.

GEE, Circuit Judge:

In 1974, Appellant Dovalina was convicted upon trial by jury of distributing 24 grams of cocaine to a DEA undercover agent in violation of 21 U.S.C. § 841(a)(1). He received a twelve-year sentence and a four-year special parole term. On direct appeal the judgment was affirmed. *United States v. Dovalina,* 525 F.2d 952 (5th Cir.), *cert. denied,* 425 U.S. 953, 96 S.Ct. 1729, 48 L.Ed.2d 197 (1976).

While on federal appeal bond, Dovalina was arrested by authorities of the State of Texas for attempted murder of a police officer. His federal appeal bond was revoked and a federal detainer was lodged against him while he remained in state custody awaiting trial on the state charges. Dovalina was convicted in state court and

sentenced by a jury to serve a term of imprisonment of 50 years. On direct appeal that judgment also was affirmed. *Dovalina v. State,* 564 S.W.2d 378 (Tex.Cr.App.1978) (en banc). He has remained in state custody and is presently serving his state sentence. The federal detainer is still lodged against him, and he is not scheduled to begin serving his federal sentence until his release from state custody.

The present case began with Dovalina's pro se "petition to modify and correct sentence" filed pursuant to 28 U.S.C. § 2255 (1976) in federal district court. In it, he claimed that his federal sentence should be deemed to have commenced when his conviction became final or when his federal appeal bond was revoked. Accordingly, he claims that by leaving him in state custody, the federal authorities have designated the Texas Department of Corrections as the place for service of his federal sentence, which should run concurrently with the state sentence. Dovalina's petition also sought removal of the federal detainer which, he avers, prevents his participation in rehabilitation programs in state prison. In a supplemental petition, Dovalina alleged that his constitutional rights and 18 U.S.C. § 3568 were violated by the district court's failure to recommend that his federal sentence run concurrently with his state sentence.

Adopting the recommendation of a magistrate, the district court denied Dovalina's § 2255 motion. We affirm for reasons to follow.

▆ Dovalina's claim that his federal sentence began as of the time his conviction became final or his appeal bond was revoked is directly foreclosed by 18 U.S.C. § 3568 (1976), which provides:

The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence.

· · · · ·

No sentence shall prescribe any other method of computing the term.

*Causey v. Civiletti,* 621 F.2d 691 (5th Cir. 1980) is on all fours with Dovalina's case. There we relied upon § 3568 to hold that a prisoner who was serving a state sentence subject to a federal detainer relating to a prior federal conviction had not commenced service of his federal sentence when his appeal bond was revoked. *Id.* at 694.

▆ Dovalina's petitions may also be read to claim as a matter of constitutional right that his state and federal sentences must run concurrently. It is clear that the constitution affords no such right. Sentences for different offenses can be ordered to run consecutively, even if they are imposed upon a single trial. *See, e.g., Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981); *United States v. Ammirato,* 670 F.2d 552 (5th Cir.1982).

Moreover, the federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first, as long as the prisoner is not compelled unnecessarily to serve his sentences in a piecemeal fashion. "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *Gunton v. Squier,* 185 F.2d 470, 471 (9th Cir.1950). *See Ponzi v. Fessenden,* 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922). *Causey v. Civiletti,* 621 F.2d at 694.[1]

▆ Dovalina's final claim in his petition was that the federal detainer should be

---

1. There being no constitutional right to a concurrent sentence, Dovalina's only possible argument is that the district court abused its discretion by not recommending a concurrent sentence to the Attorney General. But because Dovalina's federal sentence was imposed prior to his state sentence, the district court could not have recommended concurrent sentences at the original sentencing proceeding. Under Fed. R.Crim.P. 35(b) the district court would have had jurisdiction to make such a recommendation for 120 days after receipt of our 1976 mandate affirming Dovalina's conviction. Thus, Dovalina's 1981 motion was untimely as

removed because it prevents his participation in rehabilitative programs in state prison. Federal detainers are issued by the United States Marshall and merely request that state prison officials notify the Marshall of a prisoner's release date so that a deputy marshall may be present on that day to take custody of the prisoner. "This being the case, there is nothing about a federal sentence consecutive to a state sentence, or about a federal detainer, which has any legal effect whatever on the decision of state authorities to place a state prisoner in one or another state program." *Tremarco v. United States,* 412 F.Supp. 550, 555 (D.N.J.1976). Thus, if he has been excluded from state prison programs, Dovalina's only complaint is of the actions of state officials, not that his federal sentence is unlawful. This claim can be raised in a habeas corpus petition under 28 U.S.C. § 2254, but not in a § 2255 motion. *Tremarco,* 412 F.2d at 555.

 Finally, Dovalina has raised two additional claims in his brief to this court. Neither has any merit. First, Dovalina seeks to credit against his federal sentence the time when he was in state custody pending trial on the state charge. As a general rule, the Attorney General is not required to give credit toward a federal sentence for time spent by a prisoner serving the sentence imposed by another jurisdiction for an unrelated offense. *Shaw v. Smith,* 680 F.2d 1104, 1106 (5th Cir.1982) (collecting cases). Credit for state incarceration is given pursuant to 18 U.S.C. § 3568 only when it "was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." *Id.* (quoting *Ballard v. Blackwell,* 449 F.2d 868, 869 (5th Cir.1971)). If Dovalina's release on state bail while his state charges were pending had been prevented solely because of a federal detainer, he would be entitled to credit toward his federal sentence, provided he was not given credit on his state sentence for that time. *Id.; Vign-*

era *v. United States,* 455 F.2d 637, 638 (5th Cir.1972). "Moreover, the burden is on the petitioner to show that this is the case." *Shaw,* 680 F.2d at 1106. Dovalina has not alleged that the state denied him credit for his presentence jail time. Furthermore, the record shows that Dovalina's attempted murder charge was nonbailable; he also was the subject of pending charges of delivery of heroin, aggravated robbery, and auto theft, on which high bail was set. Thus, Dovalina has not met his burden to show any facts that would entitle him to credit for state time served.

◼ Last, Dovalina contends that he should receive credit toward his federal sentence for the time he was on federal bond pending appeal. There is no such right. *Cerrella v. Hanberry,* 650 F.2d 606, 606–07 (5th Cir.), *cert. denied,* 454 U.S. 1034, 102 S.Ct. 573, 70 L.Ed.2d 478 (1981); *Cochran v. United States,* 489 F.2d 691, 692–93 (5th Cir.1974).

For the foregoing reasons, the district court's judgment dismissing Dovalina's § 2255 motion is

AFFIRMED.

---

a motion for the district court to reduce sentence and he may not complain of any failure

to recommend concurrent sentences.