782 F.2d 1043
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MICHAEL D. NASH, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 85-5512
 United States Court of Appeals, Sixth Circuit.
 12/17/85
 ORDER
 
 1
 BEFORE: KRUPANSKY and GUY, Circuit Judges; and SUHRHEINRICH, District Judge.*
 
 
 2
 This matter is before the Court upon the appellant's motion for transcript. The appeal has been referred to this panel pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record, appellant's motion and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Michael Nash is presently incarcerated in a Kentucky state prison, serving a twenty year sentence for a persistent felony offender conviction. On June 19, 1984, the appellant pled guilty to five counts of making threats against the President, 18 U.S.C. Sec. 871(a) and one count of mailing a threatening communication to Senator Ted Kennedy, 18 U.S.C. Sec. 876. He received a five year concurrent sentence on these charges, but this sentence was to be served consecutive with the state sentence. The appellant brings this appeal from the denial of his motion, filed pursuant to 28 U.S.C. Sec. 2255, to vacate the federal sentence.
 
 
 4
 The essence of the appellant's argument is that it is illegal to impose a federal sentence consecutive with a state sentence. His claimed interest is that the imposition of a federal detainer with the state authorities is depriving him of privileges in state prison. His claims are clearly without merit. Once it is determined that a sentence is within the limitations set forth in the statute under which it is imposed, appellate review is at an end. Dorszynski v. United States, 418 U.S. 424 (1974). The sentence imposed is clearly within the guidelines of 18 U.S.C. Secs. 871(a), 876.
 
 
 5
 Further, sentences for different offenses can be ordered to run consecutively, even if they are imposed upon a single trial. United States v. Dovalina, 711 F.2d 737 (5th Cir. 1983). The appellant's claims concerning entitlement to state programs cannot be addressed under 28 U.S.C. Sec. 2255. A federal detainer has no legal effect on the decision of state authorities to place a state prisoner in one or another state program; therefore, since he does not allege that the federal sentence is unlawful, the claim concerning the state's treatment of the appellant can only be raised in a habeas corpus petition under 28 U.S.C. Sec. 2254, but not in the present Sec. 2255 motion. United States v. Dovalina, Id., at 740.
 
 
 6
 Accordingly, it is ORDERED that the appellant's motion for transcript be denied, and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation