**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ricardo GARCIA–GUTIERREZ,
Defendant-Appellant.**

No. 87–5505
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 1988.

Ricardo Garcia Gutierrez, pro se.

LeRoy Morgan Jahn, Asst. U.S. Atty., Lisa A. Kahn, Dept. of Justice, Gen. Litiga-

tion & Legal Advice Sect., Crim. Div., Washington, D.C., Helen M. Eversberg, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before POLITZ, JOHNSON, and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

In this appeal we examine the rules governing the crediting of a federal sentence for time served in a state or local prison on an unrelated offense. The district court rejected a *pro se* filing it viewed as a Fed.R.Crim.P. 35 motion which Ricardo Garcia-Gutierrez entitled "To Correct Judgment and Commitment to Reflect Time Credit for Incarceration Pursuant to Federal Custody." For the reasons assigned, we affirm.

On December 13, 1984, Gutierrez was arrested and taken into custody by Travis County, Texas authorities on state drug law violations. On January 16, 1985 he was indicted by a grand jury for the Western District of Texas for distribution of heroin, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2. On January 18, 1985 a federal detainer was lodged with the Sheriff of Travis County. On March 5, 1985 Gutierrez pled guilty to one count of the indictment, and on April 8, 1985 he was sentenced to imprisonment for ten years and a special parole term of five years. He was then returned to state authorities.

On April 11, 1985 the state court sentenced Gutierrez to prison for eight years. He continued in state custody. On July 24, 1985 the state court made a *nunc pro tunc* entry ordering that the state sentence run concurrent with the previously imposed federal sentence and remanding Gutierrez to the custody of the United States Marshal. Gutierrez was transferred to federal custody on November 8, 1985.

In his motion Gutierrez sought federal credit for the entire time spent in state custody—December 13, 1984 to November 8, 1985. The district court denied this relief and Gutierrez appealed.

Since the filing of the notice of appeal circumstances have changed materially. The Bureau of Prisons, in its administration of Gutierrez's incarceration, has entered a credit for time served: (1) from the date of the federal detainer on January 18, 1985 until Gutierrez began serving the state sentence on April 11, 1985; and (2) from July 24, 1985, the date he was ordered to federal custody by the state court, until November 8, 1985, the date that the change of custody was effectuated.

On appeal Gutierrez's claim is reduced to two periods: December 13, 1984—January 18, 1985, from state arrest to federal detainer; and April 11, 1985—July 24, 1985, from original state court sentence to modified state court sentence remanding to federal custody.

*Analysis*

▇▇ To the extent Gutierrez seeks credit for time served prior to the date of his federal sentence, ostensibly under 18 U.S.C. § 3568, he has chosen the wrong procedure. That claim is not cognizable in a Rule 35 proceeding; it must be advanced in a petition for habeas corpus under 28 U.S.C. § 2241. *United States v. Brown*, 753 F.2d 455 (5th Cir.1985). Since Gutierrez is not confined within the Western District of Texas the court *à quo* has no habeas jurisdiction. But because he also seeks post-federal-sentence credit, and in light of practical considerations of judicial economy, we address the merits of his appeal.

▇▇ We conclude that Gutierrez is not entitled to credit for time served in state custody between state arrest and the lodging of the federal detainer, or for the period served under the state sentence prior to the judgment remanding him to federal custody. There is neither statutory nor jurisprudential authority for the granting of federal prison credit for time served in state custody on an unrelated charge prior to a federal charge or federal detainer. *United States v. Eidum*, 474 F.2d 579 (9th Cir.1973) (distinguishing our decision in *Davis v. Attorney General*, 425 F.2d 238

(5th Cir.1970), which involved a federal detainer).

■ Nor is Gutierrez entitled to a credit for the period he was exclusively in state custody. Absent a showing of federal involvement preventing a release from imprisonment, such credit is not warranted. *Brown*, 753 F.2d at 456 (credit not available for incarceration in another jurisdiction for an unrelated offense); *United States v. Dovalina*, 711 F.2d 737 (5th Cir. 1983). Gutierrez could receive credit for time spent in the custody of the Texas authorities only if the Attorney General had exercised the power granted by 18 U.S.C. § 4082 and designated the involved state and local facilities as places of confinement for service of a federal sentence. There is no indication that was done. No credit is in order.

AFFIRMED.