IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10494
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

GUSTAVO GALINDO RAMIREZ,

                                    Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:91-CR-33-01
- - - - - - - - - -

(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

    Gustavo Galindo Ramirez filed a Fed. R. Crim. P. 35 motion seeking credit for time served while he was detained by state officials prior to the imposition of his federal sentence.

    A motion seeking credit for time served by the mover prior to the date of the imposition of his federal sentence is not cognizable under Rule 35.  United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1988).  Because Ramirez's motion is

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

challenging the manner in which his sentence is being executed rather than the validity of the sentence imposed, it should be construed as an action under 28 U.S.C. § 2241.  United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); see United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).

Section 2241 petitions must be filed in the district where the petitioner is incarcerated.  United States v. Gabor, 905 F.2d 76, 78 (5th Cir. 1990).  Ramirez was incarcerated in the Western District of Texas at the time that he filed the motion to reduce his sentence and he remains incarcerated at that same location.  Therefore, the district court in the Northern District of Texas did not have jurisdiction to review his § 2241 petition.

Further, Ramirez was required to exhaust his administrative remedies prior to filing his federal habeas petition.  See United States v. Wilson, 503 U.S. 329, 335-36 (1992); United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).  Ramirez has not alleged that he has exhausted his administrative remedies and there is no evidence in the record indicating that he has availed himself of such remedies.  The district court's denial of Ramirez's motion is AFFIRMED based on that court's lack of jurisdiction over the § 2241 petition.

AFFIRMED.