IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20812
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD CRUZ,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-92-CR-184
- - - - - - - - - -
May 20, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Richard Cruz contends that the district court erred in denying his motion to be transferred from state to federal custody pursuant to Fed. R. App. P. 23(a), and that he is entitled to credit for time served on his federal sentence.

The denial of Cruz's motion, insofar as he is seeking relief under Rule 23(a), is affirmed substantially for the reasons stated by the district court.

Insofar as Cruz is challenging the manner in which his sentence is being executed, his motion is construed as a petition

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

for habeas relief pursuant to 28 U.S.C. § 2241.  United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985).  The district court's dismissal of Cruz's § 2241 petition, based on Cruz's failure to demonstrate that he has exhausted his administrative remedies with respect to the calculation of his federal sentence, is affirmed. See United States v. Dowling, 962 F.2d 390, 393 (5th Cir. 1992).

Cruz asserts for the first time on appeal that he is entitled to have his federal and state sentences run concurrently, and that, as a result of the federal detainer lodged against him, he is being deprived of the right to serve as a trusty, the right to earn additional good-time credits, and the right to advance his parole date.  Because these issues were not raised before the district court, they are reviewable only for plain error.  Highlands Ins. v. National Union Fire Ins., 27 F.3d 1027, 1031-32 (5th Cir. 1994), cert. denied, 115 S. Ct. 903 (1995).  Cruz has failed to show that error, plain or otherwise, occurred in connection with the denial of these claims.  See United States v. Dovalina, 711 F.2d 737, 739 (5th Cir. 1983).

Cruz's motion to file a reply brief out-of-time is **GRANTED.**

**AFFIRMED.**