STATE of Rhode Island

v.

James M. MURPHY.

No. 96–474–C.A.

Supreme Court of Rhode Island.

March 20, 1997.

Annie Goldberg, Aaron Weisman, Providence.

James M. Murphy, pro se.

## ORDER

This matter came before the Supreme Court on March 6, 1997 pursuant to an order directing the defendant to appear and show cause why the issues raised by the defendant's appeal from the denial of his motion to reduce sentence in the Superior Court should not be summarily decided.

After hearing, the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

On May 27, 1977, the defendant, James M. Murphy, allegedly committed a breaking and entering of a building in the nighttime with the intent to commit a larceny therein. In February 1979 he was convicted by a Superior Court jury on charges of conspiracy to commit a breaking and entering, possession of burglary tools, and injury of electrical lines. On April 27, 1979, he was sentenced to ten years on the conspiracy charge, and two years on the injury of electrical lines charge to be served concurrently with the sentence on the conspiracy charge. Sentence was deferred on the charge of possession of burglary tools.

The defendant was released on bail pending appeal. After the defendant's appeal was denied and dismissed in *State v. Barton*, 424 A.2d 1033 (R.I.1981), he failed to appear for commencement of his sentence. While eluding the Rhode Island authorities, he allegedly became associated with a group in Boston that committed several robberies. The defendant was eventually convicted and sentenced by a Massachusett's federal court on charges arising from those activities. The defendant remained in federal custody until October 18, 1995 when he was transferred to the custody of Rhode Island authorities.

On January 25, 1996, the defendant filed, in the Superior Court, a pro se motion to have his time spent in federal custody credited to his Rhode Island sentence. Because such credits are administratively credited at the Adult Correctional Institutions, the trial justice treated the motion as a Rule 35 motion to reduce sentence and denied it. A final dismissal order was entered on February 22, 1996. The defendant appealed therefrom.[1]

The equities in this case certainly do not support the defendant's position. The defendant unlawfully fled this jurisdiction and, while a fugitive, committed and was convicted of crimes that were completely separate and distinct from the crimes for which he had been earlier sentenced in Rhode Island. We can see no reason to credit the defendant with the time he rightfully served in federal prison since it was his choice to unlawfully elude the Rhode Island authorities and to commit the additional crimes that resulted in his federal imprisonment.

Furthermore, the defendant has pointed to no authority that mandates or even permits the crediting of his federal imprisonment time to his state sentence. *Cf. United States v. Garcia-Gutierrez*, 835 F.2d 585 (5th Cir. 1988) (Court of Appeals held that a federal

1. It should be noted that a motion to reduce sentence must be filed within 120 days after the sentence is imposed. Rule 35 of the Superior Court Rules of Criminal Procedure. The defendant's motion was filed over sixteen years after he was originally sentenced so it clearly was not a properly filed motion to reduce sentence. Moreover, the defendant's notice of appeal from the trial justice's denial of his "motion to reduce sentence" was filed after the 20 day appeal period had expired (the trial justice's order was entered on February 22, 1996 and the notice of appeal was filed on March 15, 1996). However, despite these procedural errors, we will base our opinion on the merits of the defendant's contentions since, because they are so unsubstantiated, the result will be the same under any of the above noted theories.

prisoner was not entitled to credit for time served in state custody on unrelated charge). The absence of such legal authority is dispositive of the defendant's appeal, especially since there are no equities present in this case that would serve to support the development of new legal precedent. Accordingly, the defendant's appeal is denied and dismissed. The final judgment entered on the defendant's motion to reduce sentence is affirmed and the papers in this case are remanded to the Superior Court.