IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-30919
_____


WALTER THOMAS JACKSON,

                                        Petitioner-Appellant,

                    versus

CARL CASTERLINE,

                                        Respondent-Appellee.
_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 98-CV-1934
_____
July 14, 2000

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Walter T. Jackson was transferred from state custody, where he was awaiting trial on state charges, to federal custody pursuant to a writ of habeas corpus *ad prosequendum*.  In the United States District Court for the Western District of Louisiana, he was sentenced to 78 months imprisonment, to be followed by 36 months of supervised release, for the crime of assisting offenders in order to hinder and prevent their apprehension by disposing of evidence

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in violation of 18 U.S.C. § 3. The sentencing court did not specify whether this federal sentence was to be served consecutively to or concurrently with Jackson's pending sentencing in state court on charges of robbery and of receiving stolen property. He was returned to state custody and an Alabama state court subsequently sentenced Jackson to fifteen years' imprisonment for receiving stolen property and two years for robbery, to run concurrently. The state judge ordered that the state sentence be served concurrently with Jackson's federal sentence.

Imprisoned in a state penitentiary in 1992, Jackson was paroled in 1997. He was then transferred to federal custody to begin serving his federal sentence. Jackson petitioned the Bureau of Prisons to designate, *nunc pro tunc*, the Alabama state facility as a BOP-authorized facility so that the time he served in state custody could be credited toward service of his federal sentence. Pursuant to 18 U.S.C. § 3584(a)-(b), this petition was rejected, on grounds that such a designation would not be consistent either with the intent of the federal sentencing court or the goals of the criminal justice system. Jackson then filed this writ under 28 U.S.C. § 2241 seeking review of this administrative denial.

Upon *de novo* review, see Royal v. Tombone, 141 F.3d 596, 599 (5th Cir. 1998), we conclude that the district court did not err in rejecting Jackson's petition. Neither the federal sentence nor the

sentencing proceedings provided evidence that the sentencing court intended that Jackson's federal sentence be served concurrently with Jackson's pending state sentence. Because Jackson's PSR identified the pending state charges, we can assume that the district court likely was aware of Jackson's pending state proceeding. Indeed, the federal sentence imposed was at the top of the guideline range, and the sentencing judge discussed the possibility of an upward departure because Jackson's criminal history category did not reflect adequately the seriousness of Jackson's past criminal behavior.

Given the absence of intent that his federal sentence should run concurrently (and evidence to the contrary), the BOP Regional Director was well within his discretion to deny Jackson's request for a *nunc pro tunc* designation. See 18 U.S.C. §§ 3584(a), 3585(a)-(b);[1] 18 U.S.C. § 3621(b); BOP Program Statement 5160.03 ¶¶ 5-7. The BOP's conclusion that Jackson's request would be inconsistent with the intent of the federal sentencing court or the

---

[1] See United States v. Wilson, 503 U.S. 329, 331-32 (1992)(holding that the Attorney General, through the Bureau of Prisons, determines if credit will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences). "Credit [on a federal sentence] for state incarceration is given pursuant to 18 U.S.C. [3585(b)] only when it was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983)(internal quotation and citation omitted).

goals of the criminal justice system appears well-founded in the record. The state court's intent that Jackson's state sentence be served concurrent to his federal sentence is of no effect in this appeal. See, e.g., Jake v. Herschberger, 173 F.3d 1059, 1065-66 (7th Cir. 1999).

Finally, Jackson argues that the BOP should have awarded him credit towards his federal sentence for time spent in state custody even though that time was counted towards his state sentence. Because he received credit on his state sentence for the time served before his federal sentence commenced, the BOP was prohibited from awarding Jackson this credit. See 18 U.S.C. § 3585(b) ("A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence."). Due to this statutory preclusion, the district court did not err in rejecting Jackson's § 2241 petition.[2]

The judgment of the district court is

---

[2]Because of inadequate briefing, Jackson has abandoned his equal protecting argument. Even pro se litigants must brief arguments in order to preserve them. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Jackson merely quotes a Supreme Court case regarding the standard for reviewing equal protection claims. We therefore conclude that he has abandoned this claim. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

A F F I R M E D.