IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20116 c/w
No. 00-20118
No. 00-20485
No. 00-20486
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL EASTON, also known as Michael Joseph Bitgood,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-99-ALL
USDC No. H-98-CR-171-1
--------------------
March 1, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael Easton, Texas prisoner #00386843, appeals from the denial of his motion seeking mandamus relief and requesting to withdraw his federal guilty pleas and from the denial of his motion for modification of his sentences. Easton sought to have his federal sentences run concurrently with a state sentence that was imposed after his federal sentences were imposed, and he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sought to withdraw his guilty plea on the ground that the Government breached its plea agreement with him.

Easton does not argue that district court erred by denying his motion for modification of his federal sentences despite having taken an appeal from the denial of that motion.  Easton has abandoned any such argument for appeal.  *In re Municipal Bond Reporting Antitrust Litigation*, 672 F.2d 436, 439 n.6 (5th Cir. 1982).  The only issues remaining for appeal are those arising from the denial of Easton's motion seeking mandamus relief and the withdrawal of his guilty pleas.

Easton contends that the district court erred by denying his request for mandamus relief ordering the United States Marshal to take him into federal custody.  He argues that the district court ordered the Marshal to take him into custody at sentencing and that the State waived primary jurisdiction over him, creating a right for mandamus to issue.  According to Easton, the district court's pronouncement at sentencing overrode the writ of habeas corpus ad prosequendum pursuant to which he appeared for sentencing and entitled him to have his sentences equitably modified to run concurrently with his state sentence.  Easton finally argues regarding his mandamus request that the district court erred by failing to hold an evidentiary hearing.

The Attorney General has discretion to designate a state facility *nunc pro tunc* as the place in which a federal prisoner serves his sentence.  *United States v. Garcia-Gutierrez*, 835 F.2d 585, 587 (5th Cir. 1988); 18 U.S.C. § 3621(b).  The Bureau of Prisons (BOP) may exercise the Attorney General's discretion in a

manner so as to allow a prisoner to serve his state and federal terms of imprisonment concurrently with one another. *Romandine v. United States*, 206 F.3d 731, 738 (7th Cir. 2000); *McCarthy v. Doe*, 146 F.3d 118, 123 (2d Cir. 1998); *Barden v. Keohane*, 921 F.2d 476, 483 (3d Cir. 1991).

Easton may seek relief from the BOP by asking for designation of his current place of incarceration as the institution for service of his federal sentence. *See* BOP Program Statement 5160.04 ¶ 9(d). Should the BOP determine the issue unfavorably to Easton, then Easton may pursue habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Garcia-Gutierrez*, 835 F.3d at 586. Because Easton has a remedy available to him under § 2241, the district court did not err by denying his request for mandamus relief. *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987), *aff'd*, 503 U.S. 131 (1992).

We have reviewed Easton's arguments regarding the district court's pronouncements at sentencing and the effect of the state court's judgment on Easton's federal sentences. We reject those arguments. The district court did not err by denying the mandamus request based on those arguments.

Easton contends that the district court erred by denying his request to withdraw his guilty pleas and for denying the request without holding an evidentiary hearing. Whether Easton filed a presentence, pro se motion to withdraw his plea is irrelevant now. Easton did not take a direct appeal from his convictions; any presentence motion would not be reviewable now. *See* FED. R.

A<small>PP</small>. P. 4(b)(1)(A)(defendant has ten days to file notice of appeal).

Regarding the motion that was denied by the district court, after sentence is imposed, a defendant may have his plea set aside "only on direct appeal or by motion under 28 U.S.C. § 2255." F<small>ED</small>. R. C<small>RIM</small>. P. 32(e). Easton did not take a direct appeal, and he did not seek relief through a § 2255 motion. Unless the request sounded in § 2255, the district court lacked jurisdiction to consider it. *See* Rule 32(e).

It is clear from the record that Easton was not entitled to mandamus relief and that the district court lacked jurisdiction to consider his plea-withdrawal motion. No evidentiary hearing was necessary in Easton's case. *See Alberti v. Klevenhagen*, 46 F.3d 1347, 1358 (5th Cir. 1995).

AFFIRMED.