IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10848
Conference Calendar

_____

ROQUE T. ARANDA,

Plaintiff-Appellant,

versus

ROY DAN CASON, Border Patrol Agent; JON KEY, Gaines County
Sheriff; ERNESTO GALVAN, Gaines County Deputy Sheriff; CATHY
PURCELL, Notary Public; VIRGINIA STEWART, Clerk; GEORGE
HANSARD, Judge; RICKY B. SMITH; HENRY THOMAS HIRSCH,
Attorney at Law,

Defendants-Appellees.

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-63-C
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:*

Roque T. Aranda, Texas prisoner # 805045, appeals the
dismissal of his complaint alleging a conspiracy to deny him the
right to seek and/or obtain a bail reduction as frivolous and
malicious in accordance with 28 U.S.C. § 1915(e)(2)(B).  Aranda
argues that the lodging of a detainer by the Immigration and
Naturalization Service (INS) caused state officials to refuse to
release him on bail.  He also argues that he was denied

_____

      *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

procedural due process prior to the INS detainer being lodged against him.

"If a state detainee has an outstanding federal warrant or has been indicted on federal charges, a federal official may place a detainer on the detainee, asking the state to hold him for federal authorities." Hart v. O'Brien, 127 F.3d 424, 446 (5th Cir. 1997) (internal citations omitted). "Presented with a federal detainer, the state may deny the detainee bail, hold him in custody pursuant to state law, and then turn him over to the federal government for prosecution." Id.

"Federal detainers are issued by the [INS] and merely request that state prison officials notify the [INS] of a prisoner's release date so that a [border patrol agent] may be present on that day to take custody of the prisoner." United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983). Because the detainer notice itself did not serve to deprive Aranda of any property or liberty interest, there was no process due him. See Wheeler v. Miller, 168 F.3d 241, 249 (5th Cir. 1999).

This appeal is without arguable merit. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). It is DISMISSED. See 5th Cir. R. 42.2.

The three-strikes provision of 28 U.S.C. § 1915(g) "prohibits a prisoner from proceeding IFP if he has had three actions or appeals dismissed for frivolousness, maliciousness, or failure to state a claim." Carson v. Johnson, 112 F.3d 818, 819 (5th Cir. 1997)(citing Adepegba v. Hammons, 103 F.3d 383, 385 (5th Cir. 1996)). Aranda has previously had at least five

strikes against him.  <u>Aranda v. Key</u>, No. 00-10849 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); <u>Aranda v. Shaw</u>, No. 00-10844 (5th Cir. Feb. 14, 2001)(imposing 28 U.S.C. § 1915(g) bar); <u>Aranda v. Millsaps</u>, No. 99-11394 (5th Cir. Aug. 29, 2000). Aranda filed this appeal before the § 1915(g) bar was imposed. He is reminded that he may no longer proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED.