IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40481
Summary Calendar
_____

ROY PENNANT,

Petitioner-Appellant,

versus

UNITED STATE OF AMERICA;
ERNEST V. CHANDLER, Warden;
JOHN ASHCROFT, U.S. Attorney General,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-86
--------------------
January 3, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Roy Pennant, federal inmate #16201-018, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition. Pennant contends that pursuant to Willis v. United States, 438 F.2d 923 (5th Cir. 1971), he was entitled to credit against his federal sentence for time that he spent in state custody subject to a federal detainer until the he was transferred to federal custody. Pennant challenges the district court's determination that his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim concerning the Government's delay in indicting him should have been brought in a 28 U.S.C. § 2255 motion.

Section 2255, 28 U.S.C., is the primary means of collaterally attacking a federal sentence. Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Relief under 28 U.S.C. § 2255 "is warranted for any error that `occurred at or prior to sentencing.'" Id. A federal prisoner may seek relief under 28 U.S.C. § 2241 instead of 28 U.S.C. § 2255 if he can show that the remedies under 28 U.S.C. § 2255 are inadequate or ineffective to test the legality of his detention. See id. The petitioner bears the burden of affirmatively showing that the 28 U.S.C. § 2255 remedy is inadequate or ineffective. See id.

Pennant's preindictment delay allegation has bearing on the validity of Pennant's conviction and should have been brought under 28 U.S.C. § 2255. See id. Pennant has not shown that the 28 U.S.C. § 2255 remedy is inadequate or ineffective. See Solsona v. Warden, 821 F.2d 1129, 1132 (5th Cir. 1987)(28 U.S.C. § 2255 motion must be filed in district court that imposed sentence).

Pennant has abandoned his contention that the sentencing court believed that it lacked the authority to grant him credit against his federal sentence by failing to assert the issue in this court. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Pennant's contention that he was entitled to credit against his federal sentence for time that he spent in state custody subject to a federal detainer until the time that he was

transferred to federal custody is without merit because Pennant obtained credit against his state sentence for that time. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983) (if petitioner's release on state bail while state charges were pending was prevented solely because of federal detainer, he would be entitled to credit toward his federal sentence, provided he was not given credit on state sentence for that time); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992).  The judgment of the district court is AFFIRMED.