IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50551
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DAVID GREGORY SURASKY,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-90-CR-76-01-JN
--------------------
January 29, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:*

        David Gregory Surasky, federal prisoner #52646-080, appeals from the denial of his motion for time spent in state custody to be credited to his federal sentence and the denial of his petition for *audita querela* relief from the fine imposed on him for his controlled substance and firearm conviction. He argues that U.S.S.G. § 5G1.3, which governs the imposition of concurrent and consecutive sentences, requires an order granting him credit

_____

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for time served in state custody between his arrest and his state-court conviction. He argues that the district court erred by denying his petition for *audita querela* relief because he cannot pay his fine and will not be able to do so upon release because of his deteriorating physical condition.

We construe the motion for time to be credited against Surasky's sentence as a petition for habeas corpus relief under 28 U.S.C. § 2241. *See United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). The district court lacked jurisdiction to address the petition. *See United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990). However, we address Surasky's substantive contentions in the interest of judicial efficiency. *See Garcia-Gutierrez*, 835 F.2d at 586. Surasky was given credit against his state sentence for the time he seeks to have credited against his federal sentence. The relevant statute does not allow the result that Surasky seeks. 18 U.S.C. § 3585(b). The district court correctly denied Surasky credit against his federal sentence.

Surasky's allegedly limited future earnings potential due to deteriorating health does not present a legal defense against the fine. *See United States v. Banda*. 1 F.3d 354, 356 (5th Cir. 1993). The district court did not err by denying Sursaky *audita querela* relief.

AFFIRMED.