**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 9, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-41706
Summary Calendar

---

L.C. GARNER MATHIS, JR.,

                              Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

                              Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-02-CV-40
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

     L. C. Garner Mathis, Jr. (Mathis), federal prisoner # 26925-077, appeals the district court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mathis claims that the Bureau of Prisons (BOP) erred in failing to award him full credit towards his federal sentence for time served in state prison after he was sentenced in federal court. Mathis argues that his time in state prison should be credited to his

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

federal sentence because his state parole was revoked when he was arrested for a federal charge. Mathis also argues that he is entitled to credit on his federal sentence because a federal detainer placed on him while he was in state prison prevented his release from state custody.

The Attorney General, through the BOP, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their sentences. See United States v. Wilson, 503 U.S. 329, 337 (1992). Under 18 U.S.C. § 3585(b), the BOP may not award Mathis credit toward his term of imprisonment for any time he spent in official detention prior to the commencement of his federal sentence that was credited against another sentence. See United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983); United States v. Chaplin, 451 F.2d 179, 181 (5th Cir. 1971). Mathis was awarded state credit already for the time he spent in detention prior to the commencement of his federal sentence.

Accordingly, the judgment of the district court is AFFIRMED.