United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11350
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEROME EUREESE BAKER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:96-CR-50-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerome Eureese Baker is a federal prisoner (# 28648-077) serving a 165-month prison term for a 1997 conviction of possession of approximately 127 grams of crack cocaine with intent to distribute. He appeals the district court's sua sponte denial of his pro se "Motion to Correct Clerical Error," purportedly filed pursuant to FED. R. CRIM. P. 36. In the motion, Baker sought federal sentencing credit for almost five years of time during which he was apparently confined in a Texas state prison for a state conviction. He urged the district court to change the 1997 judgment to reflect that his federal and state

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentences ran concurrently. In this appeal, he continues to argue that the withholding of such credit violates various constitutional rights.

Rule 36, FED. R. CRIM. P., permits a district court at any time to "correct a clerical error in a judgment, order, or other part of the record arising from oversight or omission." Clerical error exists only when "the court intended one thing but by merely clerical mistake or oversight did another." United States v. Steen, 55 F.3d 1022, 1025-26 (5th Cir. 1995). Rule 36 and its civil counterpart, Fed. R. Civ. P. 60(a), are not vehicles for redressing "substantive rights." See id. at 1026 n.3; Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1117 (5th Cir. 1998).

Section 2241, 28 U.S.C., is the appropriate vehicle for obtaining credit for prior custody. United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985). Contrary to Baker's assertions, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the [federal] court orders that the terms are to run concurrently." 18 U.S.C. § 3484(a). A federal prisoner is entitled to credit for a state sentence "only when it was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." United States v. Dovalina, 711 F.2d 737, 740 (5th Cir. 1983) (internal quotation marks and citation omitted). Baker has no entitlement--statutory, constitutional, or otherwise--to have his federal prison sentence run concurrently with a state sentence.

The judgment of the district court is AFFIRMED.