# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2011

No. 11-40410
Summary Calendar

Lyle W. Cayce
Clerk

PORTER LEE BUSH,

Petitioner-Appellant

v.

JOHN B. FOX, Warden,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CV-397

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Porter Lee Bush, federal prisoner # 88804-079, appeals following the denial of his 28 U.S.C. § 2241 motion wherein he challenged the calculation of his federal sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922, 924. He argues that the district court erred by granting the Respondent's motion for summary judgment because there existed a genuine factual dispute regarding his claim that he began serving his federal sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on February 20, 2002. He also argues that he was forced to serve the sentence in installments.

Section 2241 is the proper procedural vehicle for Bush's claims. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). "In the context of a § 2241 petition, this court reviews the district court's determinations of law de novo and its findings of fact for clear error." *Royal v. Tombone*, 141 F.3d 596, 599 (5th Cir. 1998) (internal quotation marks and citation omitted).

This court reviews a grant of summary judgment de novo, using the same standard as the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a). The movant need not negate the elements of the nonmovant's case, however. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the movant meets his burden of demonstrating the absence of a genuine issue of material fact, the nonmovant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* The nonmovant may not satisfy this burden by relying on conclusional allegations and unsubstantiated assertions. *Carnaby*, 636 F.3d at 187. Further, although factual controversies are resolved in favor of the nonmovant, this court will not in the absence of any proof, assume that the nonmovant could prove the facts necessary to sustain the complaint. *Little*, 37 F.3d at 1075.

A federal sentence of imprisonment "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Subsection (b) of § 3585 provides:

No. 11-40410

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

> (1)    as a result of the offense for which the sentence was imposed; or
>
> (2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence.*

§ 3585(b)(emphasis added).    "Credit [on a federal sentence] for state incarceration is given pursuant to 18 U.S.C. § 3568 [now codified at § 3585(b)] only when it was exclusively the product of such action by federal law-enforcement officials as to justify treating the state jail as the practical equivalent of a federal one." *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983) (internal quotation and citation omitted).

The Respondent submitted competent summary judgment evidence, including a declaration made in accordance with 28 U.S.C. § 1746, which established that Bush was in state custody prior to his appearance in federal court on a writ of habeas corpus ad prosequendum.    Accordingly, his state custody remained uninterrupted.    *See Causey v. Civiletti*, 621 F.2d 691, 693-94 (5th Cir. 1980); *see also Cain v. Menifee*, 269 F. App'x 420, 424 (5th Cir. 2008).

We liberally construe Bush's brief to assert that he pleaded guilty to the state burglary charge pursuant to an agreement with the state wherein he would be transported to federal custody to begin serving his "concurrent sentence." He thus suggests that he is entitled to "double credit" for his detention time. This argument lacks merit because when it enacted § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *See United States v. Wilson*, 503 U.S. 329, 337 (1992).    Finally, Bush asserts that if he had not been in federal custody when he was acquitted of the state murder charge, he would have been free to leave jail on his state bond for burglary because it had never been revoked. We note, however, that Bush pleaded guilty

3

to the state burglary charge on the same day he was acquitted of the murder charge.

In sum, Bush has not shown that the district court erred in granting summary judgment and in concluding that he did not begin serving his federal sentence until November 2005.  Accordingly, we do not reach his argument that he was forced to serve his sentence in installments.  Bush's motion to expedite the appeal is DENIED.

AFFIRMED.