**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 10, 2012

Lyle W. Cayce
Clerk

No. 11-40306
Summary Calendar

TRAVIS DEVONNE SPENCER,

Petitioner-Appellant

v.

JODY R. UPTON,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CV-214

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Travis Devonne Spencer, federal prisoner # 04842-078, appeals the denial of his 28 U.S.C. § 2241 petition in which he challenged the failure of the Bureau or Prisons (BOP) to give him federal credit for a state sentence. In 1995, Spencer was sentenced to 137 months in federal prison for carjacking. The federal court recommended that the sentence run consecutively to a state sentence for arson that had been imposed in 1993.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40306

On appeal Spencer does not actually argue that the BOP has improperly executed his sentence, as he suggested in his § 2241 petition. Instead, he squarely challenges the imposition of the 1995 federal sentence to run consecutively to the previously imposed state sentence. The proper vehicle for his challenge to his original sentence would have been a timely 28 U.S.C. § 2255 motion rather than a § 2241 petition. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000). The time for Spencer to appeal the 1995 sentence or to challenge it through § 2255 is long past. *See United States v. Spencer*, 334 F. App'x 705, 705 (5th Cir. 2009). In any event, he was not entitled to federal credit for time served in state prison on an unrelated state charge. *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586-87 (5th Cir. 1988) (citing *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); and *United States v. Dovalina*, 711 F.2d 737, 739-40 (5th Cir. 1983)); *see also* 18 U.S.C. §§ 3584(a), 3585(b).

The judgment of the district court is AFFIRMED.