# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-11015
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANDREW SIEBERT,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-220-4

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Andrew Siebert was convicted by a jury of conspiring to commit and committing wire fraud, mail fraud, and bank fraud and was sentenced to a total of 60 months of imprisonment and a three-year term of supervised release. His conviction was affirmed on appeal. *United States v. Manners*, 384 F. App'x 302 (5th Cir. 2010).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11015

In 2013, Siebert filed in the Northern District of Texas Dallas Division what he styled as a "Motion Requesting Court to Grant Time Credits under U.S.S.G. § 5G1.3(b)," requesting that the district court reduce his sentence to account for the time he spent in home confinement.  The district court concluded that § 5G1.3(b) did not apply to the facts of Siebert's case, construed the motion as arising under 28 U.S.C. § 2241 for relief under 18 U.S.C. 3585(b)(1), and denied the motion on its merits.  Siebert appeals, arguing that the district court erred in failing to apply § 5G1.3(b)(1) to reduce his sentence to account for the time spent in home confinement and in construing his claim as arising under § 3585(b).

We do not address whether the district court should have dismissed the motion for lack of jurisdiction but instead address Siebert's substantive claim in the interest of judicial efficiency given that Siebert is not entitled to the relief he seeks.  *See United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988).  In reviewing the denial of habeas relief, we review a district court's conclusions of law de novo and findings of fact for clear error.  *Wilson v. Roy*, 643 F.3d 433, 434 (5th Cir. 2011).  We may affirm the district court's denial of relief "on any ground supported by the record."  *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

Seibert does not challenge the district court's reasons for denying him relief under § 3585(b) but appears to concede that he is not entitled to relief under § 3585(b).  In any event, because Siebert was released on a personal recognizance bond to home confinement and was not committed to the custody of the Attorney General or subject to the Federal Bureau of Prisons control during that time, he was not in "official detention" and was not entitled to credit against his sentence for the time spent in home confinement.  *See* § 3585(b); *Reno v. Koray*, 515 U.S. 50, 57-65 (1995).

No. 13-11015

Further, although Siebert contends that the district court had authority to reduce his sentence under § 5G1.3(b)(1), the district court did not err in concluding that § 5G1.3(b)(1) did not apply.  The record does not reflect that Siebert was serving an undischarged term of imprisonment from another offense at the time he was sentenced in the instant case.  *See* § 5G1.3(b)(1).

Accordingly, the judgment of the district court is AFFIRMED.