# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2022

Lyle W. Cayce
Clerk

No. 21-60616
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Claude Christopher Johnson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:10-CR-6-1

Before Jones, Duncan, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Claude Christopher Johnson, federal prisoner # 05056-043, pleaded guilty to theft of firearms from a licensed firearm dealer and was sentenced in 2010 to 120 months of imprisonment, three years of supervised release, and a $3,000 fine. After denying Johnson's successive motion to amend the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

judgment, the district court denied Johnson's motion for leave to proceed in forma pauperis (IFP) on appeal.

By moving to proceed IFP in this court, Johnson challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Johnson also seeks expedited consideration of this appeal. The Government has filed a motion to dismiss the appeal or, in the alternative, summary affirmance.

In his successive motion to amend the judgment, Johnson sought credit against his federal sentence for the time he spent in state custody. The proper vehicle for Johnson to obtain that credit is a 28 U.S.C. § 2241 petition. *See Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). Because Johnson's motion was not filed in the district of his incarceration, the district court could not have considered his motion under § 2241. *See United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *see also Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001) (noting that a § 2241 petition must be filed in the district of the prisoner's incarceration). Moreover, in 2019, Johnson's § 2241 petition seeking sentence credit on this same ground was denied by the district court in the Western District of Louisiana, which was Johnson's district of incarceration at the time, and Johnson did not appeal from that denial. *See Johnson v. Myers*, No. 2:19-CV-241 (W.D. La. Apr. 16, 2019).

As Johnson's successive motion to amend the judgment had no other jurisdictional basis for consideration, "he has appealed from the denial of a meaningless, unauthorized motion." *United States v. Early*, 27 F.3d 140, 142

No. 21-60616

(5th Cir. 1994). Johnson has therefore failed to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

Johnson's motions for leave to proceed IFP and to expedite this appeal are DENIED. The Government's motion to dismiss the appeal is DENIED AS UNNECESSARY, and its alternative motion for summary affirmance is DENIED. The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2. Johnson has unsuccessfully sought this same sentence credit on at least two prior occasions. Johnson is WARNED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988).