# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 23, 2022

Lyle W. Cayce
Clerk

No. 22-10376
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RICKY WAYNE TOLBERT, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-278-1

Before KING, JONES, and SMITH, *Circuit Judges*.

PER CURIAM:*

Ricky Wayne Tolbert, Jr., federal prisoner # 32656-177, pleaded guilty to ten counts of bank robbery and one firearm count. He was sentenced to a total of 204 months of imprisonment, three years of supervised release, and restitution. After denying Tolbert's successive motion to clarify or modify

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-10376

his judgment of conviction, the district court denied Tolbert's motion for leave to proceed in forma pauperis (IFP) on appeal.

By moving to proceed IFP in this court, Tolbert challenges the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry is "limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In the district court, Tolbert requested credit against his federal sentence for the time he spent in state custody or for the district court to order his federal sentence to run concurrently with his earlier imposed state sentence. The proper vehicle for Tolbert to obtain consideration of his claims is a 28 U.S.C. § 2241 petition. *See Leal v. Tombone*, 341 F.3d 427, 427-30 (5th Cir. 2003); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988). Because Tolbert's motion was not filed in the district of his incarceration, the district court could not have considered his motion under § 2241. *See United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985); *see also Reyes-Requena v. United States*, 243 F.3d 893, 895 n.3 (5th Cir. 2001). Tolbert identifies no other appropriate procedure for the relief he sought, and he has therefore failed to identify a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220.

Tolbert's motion for leave to proceed IFP is DENIED. His motion for oral argument is also DENIED. The appeal is DISMISSED as frivolous. *See* 5TH CIR. R. 42.2.